RUMRILL, Respondent, vs. THE TOWN OF DELAFIELD, Appellant.

*April 12 — May 3, 1892.*

*Highways: Defects: Injury to person: Evidence.*

In an action for personal injuries alleged to have been caused by defects in a highway, the evidence — tending to show, among other things, that at the place of the accident the traveled track narrowed to cross a culvert shorter than the width of such track; that at one end of the culvert was a hole two or three feet deep; that while plaintiff was being driven along the road in the night time the wheel of his wagon ran into said hole, and the wagon was upset and plaintiff injured; that both plaintiff and the driver were familiar with the highway, but neither had ever observed the defect therein, although it had existed for a long time; that both were in the exercise of reasonable care at the time; and that it was too dark to see the hole or the precise location of the culvert — is *held* sufficient to sustain a verdict for plaintiff.

APPEAL from the Circuit Court for *Walworth* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *D. H. Sumner*, and for the respondent on that of *Parks & Robinson*.

LYON, C. J.   This action is to recover damages for personal injuries received by the plaintiff, which he alleges were caused by a defect in one of the public highways in the defendant town.   This appeal is from a judgment recovered by plaintiff therein, pursuant to a verdict assessing his damages at $800.

There is testimony tending to show that a culvert crosses the highway in question, the length of which is several feet less than the width of the traveled track of the highway; that a team passing along the north side of such track would be compelled to diverge towards the center thereof

Rumrill vs. The Town of Delafield.

in order to pass over the culvert, and that there was a hole two or three feet deep, or more, at the north end of the culvert, when the plaintiff was hurt; that plaintiff, with his wife and children and several other persons, was being driven along the highway by a liveryman in the night time,— the wagon running very near the north side of the track,— when the wheel of the wagon ran into such hole, the wagon upset, and the plaintiff received the injuries complained of; also that both plaintiff and the driver were familiar with the highway, but neither had ever observed the defect therein, although the same had existed a long time; that both of them were in the exercise of reasonable care when the accident happened; and that it was too dark to see the hole or the precise location of the culvert. On some of these propositions of fact the testimony is quite conflicting, yet it is ample to support findings that they are true. The jury must have found them true, otherwise they could not have found for the plaintiff. This is a conclusive answer to the claim put forth on the motion for a new trial, that the verdict is against the evidence, and it would be idle to discuss the subject further. The plaintiff's injuries were serious. His shoulder was broken, and the use of his arm is permanently impaired.

The law of the case is plain, and the trial judge gave it to the jury accurately, clearly, and fully. He refused to give certain instructions in the form proposed on behalf of the town, which in the main state the law correctly, but all of them which ought to have been given are found in the general charge to the jury. On the record presented to us we cannot disturb this judgment.

*By the Court.*— Judgment affirmed.

WINSLOW, J., took no part.